UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION (Montgomery)

| | |
|---|---|
| IN RE: | : CASE NO: 15-31997-DHW |
| | : CHAPTER: 13 |
| **BRENDA PATTERSON** | : |
| Debtor | : |
| --- | --- |
| **NATIONSTAR MORTGAGE LLC,** | : |
| Movant, | : |
| | : **CONTESTED MATTER** |
| vs. | : |
| | : |
| **BRENDA PATTERSON** | : |
| **CURTIS C. REDING , Trustee** | : |
| Respondents. | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

Nationstar Mortgage LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of **4029 KEATING DRIVE, MONTGOMERY, AL 36110** (the "Property"). The facts and circumstances supporting this Motion are set forth in the Affidavit in Support of Motion for Relief from Automatic Stay attached hereto as Exhibit "C". In further support of this Motion, Movant respectfully states:

1. The Debtor has executed and delivered that certain promissory note in the original principal amount of **$55,100.00** (the "Note"). Movant is an entity entitled to enforce the Note. A copy of the Note is attached hereto as Exhibit "A".

2. Pursuant to that certain **Mortgage** (the "**Mortgage**"), all obligations (collectively, the "Obligations") of the Debtor under the Note and the **Mortgage** with respect to the Loan are secured by the Property. A copy of the **Mortgage** is attached hereto as Exhibit "B".

3. As indicated herein, attached to this Motion are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary. Nationstar Mortgage LLC directly or

through an agent, has possession of the promissory note and held the note at the time of filing of the Movant`s Motion for Relief from the Stay. The promissory note has been duly indorsed.

4. As of **October 16, 2015**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$59,213.96**.

5. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $**1,026.00** in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

6. As of **October 16, 2015**, there is an arrearage deficiency of **$980.63** (not including Bankruptcy Fees and Costs mentioned above). This figure is comprised of the following:

| Description | From | To | Quantity | Amount | Total |
| --- | --- | --- | --- | --- | --- |
| Missed Payment Group 1 | 08/01/2015 | 10/01/2015 | 3 | $480.21 | $1,440.63 |
| Suspense Balance Credit | | | 1 | $-460.00 | $-460.00 |
| Total Arrearage Deficiency (not including Bankruptcy Fees and Costs): **$980.63** | | | | | |

7. The fair market value of the Property is **$45,200.00**. The basis for such valuation is **Debtor`s Schedule A**.

8. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the Property is not adequately protected.

    b. Movant's interest in the collateral is not protected by an adequate equity cushion.

    c. The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

    d. Post-Petition payments have not been received by Movant.

    e. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the

Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

5. For such other relief as the Court deems proper.


RUBIN LUBLIN, LLC

/s/ Amanda Beckett                                              Date: November 10, 2015
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
100 Concourse Parkway, Suite 125
Birmingham, AL 35244
(877) 813-0992
abeckett@rubinlublin.com
Attorney for Creditor

CERTIFICATE OF SERVICE

I, Amanda Beckett of Rubin Lublin, LLC certify that on the 10th day of November, 2015, I caused a copy of the Motion for Relief from Automatic Stay (Real Property) to be filed in this proceeding by electronic means and to be served as follows:

The following parties have been served by electronic notice:

Joshua C. Milam, Esq.
jmilam@smclegal.com

Curtis C. Reding , Trustee
trustees_office@ch13mdal.com

The following parties have been served by standard First-Class U.S. Mail:

Brenda Patterson
4029 Keating Dr.
Montgomery, AL 36110


Executed on 11/10/15

/s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
100 Concourse Parkway, Suite 125
Birmingham, AL 35244
(877) 813-0992
abeckett@rubinlublin.com
Attorney for Creditor